ANDREW J. PEREZ, Plaintiff

v.

VIRGIN ISLANDS PORT AUTHORITY, A Public
Corporation of the Virgin Islands of the
U.S., Defendant

Civil No. 237-1973

District Court of the Virgin Islands

Div. of St. Thomas and St. John

June 15, 1973

ANDREW J. PEREZ, *Pro se*

ATTORNEY GENERAL of the Virgin Islands, *defendant*

CHRISTIAN, *Chief Judge*

### MEMORANDUM OPINION

Defendant, the VIRGIN ISLANDS PORT AUTHOR-
ITY (The Authority), a public corporation, is an autono-
mous instrumentality of The Government of the Virgin Is-
lands, created and established by virtue of chapter 10, Title
29, of the Virgin Islands Code. Among other purposes, the
Authority was created to own, operate and manage air
terminals throughout the Virgin Islands. Its extensive

powers, granted by The Legislature of the Virgin Islands, included the right

> . . . to determine, fix, alter, charge, and collect reasonable rates, fees, rentals and other charges for the use of the facilities of the Authority, or other services or commodities rendered by it, which shall be at least sufficient, together with all other available moneys . . . and receipts of the Authority from all sources, for the payment of the expenses of the Authority incurred in the . . . repair, maintenance, use and operation of its facilities and properties . . . . (29 V.I.C. § 543(12)).

Limiting provisos were imposed by the Legislature, e.g., due regard was to be paid to operating expenses, vis a vis, fees charged, the widest economically possible diversified use of the facilities was to be encouraged and public hearings, with opportunity to interested persons to be heard, were to be held in the event the Authority decided to alter or change rates, fees and other charges which were in existence at the inception of the Authority.

Acting in pursuance of the above-stated grant of power, the Authority, effective July 1, 1972, ordained that an "Airport Use Fee" of $1.00 be charged all passengers for hire, two years of age and over, ". . . departing the U.S. Virgin Islands via commercial aircraft."

Andrew J. Perez, plaintiff herein, is a citizen of the United States, resident in the Virgin Islands. He claims to be a "frequent user" of the Virgin Islands airports, which use he characterizes as "essential to his air transportation in interstate commerce." He has brought suit against the Authority, levelling a multi-pronged challenge to its power to exact, and the manner in which applies the "Airport Use Fee." Appearing pro se, he invokes the power of this court to enjoin the further collection of the use fee.

Hearing on plaintiff's motion for a preliminary injunction was, by agreement of the parties, consolidated with

the trial on the merits. The cause was submitted on a stipulation of facts, dictated into the record in open court, additional testimony adduced by plaintiff and on the memorandum of law which each side had tendered in connection with defendant's motion to dismiss by order entered on June 6, 1973.

The facts to which the parties stipulated are here adopted by reference as the facts found by the court. They will not be detailed herein, but together with additional findings of fact, drawn from the limited testimony taken at trial, will be mentioned, to the extent necessary to support the court's conclusions of law.

Plaintiff's quarrel with the "Airport Use Fee" (the fee) is that it discriminates against a single class of airport users, those departing; that it is a burden and restriction on interstate commerce; that it is assessed and collected only on those who perform "an act", i.e. departing the Virgin Islands via commercial aircraft; that the Authority has provided no new and additional facilities to compensate for the fee exacted; that the fee, and the benefits which devolve upon passengers are not commensurate with each other since the airports are substandard, the St. Thomas facility being "only marginally safe", and the water supply at the one in St. Croix has been declared contaminated; and finally, refund of the fee would be impossible if it were so ordered as no records are kept of those who pay the fee.

Defending, the Authority, places total reliance on two recently decided cases, Evansville-Vanderburgh Airport Authority District, et al. v. Delta Airlines, et al. and Northeast Airlines, et al. v. New Hampshire Aeronautics Commission et al., 405 U.S. 707, 31 L.Ed.2d 620 (Decided April 19, 1972) (herein referred to jointly as Evansville), emanating from our highest judicial source. Indeed, the United States Supreme Court, in each of those two cases, sanc-

tioned like charges imposed on travellers by similar governing bodies of airports, and it is within the circumference of those decisions that the foundation of the decision in the instant case will be laid. I am not prepared, however, to read the decision in those cases as painting out, or painting over, the Commerce Clause of the United States Constitution with the broad brush the defendant offers.

From the very take-off, the Supreme Court, in Evansville sets its flight plan within a very narrow lane.

The question is whether a charge by a State or municipality of $1 per commercial airline passenger to help defray the costs of airport construction and maintenance violates the Federal Constitution. Our answer is that, as imposed in these two cases, the charge does not violate the Federal Constitution. (Slip. op. p. 1.)

The court gave short shrift to the repugnancy to the Commerce Clause, the Equal Protection Clause, and the constitutional right to travel arguments advanced by the airlines in opposition to the fee charged. To the extent this plaintiff raises the same objections, and leaving out of consideration his insubstantial protests, I would follow suit, save in one crucial respect, the asserted Commerce Clause violation.

Crandall v. Nevada, 73 U.S. 35 (1867) and its progeny, to which plaintiff seems to relate, though without specific reference, were handily distinguished in Evansville, on the basis that the charges under consideration asked no more than that the traveller bear a fair share of the cost of publicly provided facilities which further travel, as against the Nevada imposition which taxed the use of privately owned transportation, railroads being a mentioned example. The Evansville Court blessed, by approbation, those decisions which deem it meet and proper that interstate commerce fairly share costs with "local governments whose protection it enjoys" (citations omitted). And this paying of reasonable charges, designed to help defray costs of

544

construction and maintenance of state provided facilities, with judicial approval, the court considered well settled.

By way of exemplifying comparison, the Court in Evansville examined the numerous highway toll cases in which imposts on interstate commerce were found to be agreeable to the Commerce Clause.

Evansville, however, falls short of providing the sustenance needed for survival by the fee in the case at bar. The fee in those cases was "for each passenger enplaning any commercial aircraft". Payment was required of "every interstate and intrastate 'common carrier of passengers for hire by aircraft on a regular schedule'." The Evansville Airport authorities' fees were "imposed on interstate and domestic users alike." The standards developed were "uniform, fair and practical", and they were not "discriminatory against interstate commerce." Thus the Supreme Court could fairly conclude, as it did,

[N]either fee discriminates against interstate commerce and travel. While the vast majority of passengers who board flights at the airports involved are travelling interstate, both interstate and domestic flights are subject to the same charges. Furthermore, there is no showing of any inherent difference between these two classes of flights, such that the application of the same fee to both would amount to discrimination against one or the other. (Slip. op. at pp. 9–10.)

I cannot so conclude. On the facts here presented, the opposite opinion is compelled. While the fee charged by defendant is collected without excuse or waiver from each person over two years old enplaning on commercial aircraft in interstate or foreign commerce (barring the exceptions covered in the stipulation), it falls upon none who travel within the Virgin Islands. Two passengers may board the same Eastern Airline jet flight, the one bound for St. Croix, the other for Miami. The latter pays, the former does not. A Caribbean Atlantic Airlines DC-9, taking off

fully loaded with passengers, uses the same runway, for about the same number of feet, other things being equal, together with all incidental airport facilities and services, whether bound for St. Croix, Virgin Islands or San Juan, Puerto Rico. The passengers with destination San Juan pay, those enroute to St. Croix do not, and the record is devoid of any semblance of a rational basis for the difference.

I conclude therefore, that the "Airport Use Fee" as conceived and applied by defendant VIRGIN ISLANDS PORT AUTHORITY, constitutes an invalid charge for the use of the Authority's airport facilities, in that it unreasonably discriminates against interstate or foreign travellers, and thus, impermissibly burdens that commerce in violation of the Federal Constitution, as made applicable to the United States Virgin Islands.